IN ·THE

# SUPREME COURT OF TENNESSEE,

### FOR THE

## EASTERN DIVISION.

---

### KNOXVILLE, SEPTEMBER TERM, 1906.

---

ARMINDA SEYMOUR, Administratrix, *v.* SOUTHERN RAILWAY COMPANY.

(*Knoxville.* September Term, 1906.)

1. **VERDICTS. May be directed by the court where the uncontroverted evidence disentitles the plaintiff to a recovery, when.**

   Where the right to prosecute a suit as against the bar of the statutes of limitations depends upon its being instituted within one year from the dismissal of a former suit, and the evidence is uncontroverted that the former suit was not dismissed at the time of the institution of such suit, it is proper for the court to direct a verdict in favor of the defendant.

   Code cited and construed: Sec. 4446 (S.); sec. 3449 (M. & V.); sec. 2755 (T. & S. and 1858).

2. **RULE OF COURT. As to motions for new trials copied in transcript, when; omission supplied by suggestion of diminution, etc.**

   Where a rule of court as to motions for new trials is properly made and entered upon the minutes of the court, and ordered

Seymour v. Railroad.

to constitute a part of the record in every case tried in the court, and requiring the clerk to copy it in the transcript of the record for the supreme court, without further orders, it is the duty of the clerk to obey the order, and upon his neglect or disobedience, it will be competent to supply the omission upon a suggestion of diminution, and the issuance and execution of a writ of *certiorari*.

3. **NEW TRIALS.** **Motion for new trial is necessary to test the correctness of peremptory instructions to jury.**

A motion for a new trial and action thereon is necessary as a preliminary to test in the supreme court the correctness of the action of the trial judge in giving a peremptory instruction to the jury to return a verdict for the defendant.

Case cited and approved:   Railroad v. Johnson, 114 Tenn., 637-640.

FROM UNION.

Appeal from the Circuit Court of Union County.— H. CLAY JAMES, Judge.

JEROME TEMPLETON, J. P. ROGERS and J. O. SHARP, for plaintiff.

JOUROLMON, WELCKER & SMITH and D. D. ANDERSON, for defendant.

MR. CHIEF JUSTICE BEARD delivered the opinion of the Court.

This action was brought by the administratrix to recover damages for a personal injury inflicted upon her intestate by the railway company, resulting in his death. The present suit was brought more than a year after the infliction of the injury, and the statute of limitations applicable to this class of cases was interposed by the company. In reply, it was insisted that there was a prior suit for the same cause of action brought within one year of the injury, which suit was dismissed; and that the present action was brought within one year thereafter.

The defendant below met this contention with a denial, insisting that the former suit had not been dismissed when the present one was brought, but was still pending, and hence that the plaintiff below had not brought her case within the saving of Shannon's Code, section 4446. The trial judge took this view of the matter, and sustained the motion for peremptory instructions in favor of the defendant below. The evidence bearing upon the point being uncontroverted, a judgment was thereupon rendered in favor of the defendant, and from this the plaintiff appealed to this court, and has here assigned errors.

There was no motion for a new trial made in the court below.

In the view we take of the case, only two questions are presented:

1. It appears, on suggestion of diminution of the record and a copy of the entry below offered by consent

Seymour v. Railroad.

in lieu of the actual issuance and service of the writ of *certiorari*, that at a term of the circuit court of Union county prior to the term at which the present suit was tried, an order was entered in the following words: "All motions for new trial must be reduced to writing, and entered upon the minutes; the several grounds of error upon which new trials are asked, whether of law or fact, must be taken separately and specifically numbered; and no error will be considered except such as are assigned in said written motion in this manner. This rule will be entered upon the minutes of this court, and will constitute a part of the record upon every case tried in this court, and upon making a transcript of any case herein tried for the supreme court of Tennessee of the proceedings in error thereto from this court, the clerk will copy it therein without further orders."

The clerk of the circuit court, in making out the transcript, failed to embody this rule. The question arising is whether it was the duty of the clerk to copy this rule in the transcript in the present case without further order; that is, without a special order to that effect having been made in this case. We think it was his duty to do so. It was competent for the circuit court to make the order in the terms in which it was expressed, and it follows that it was the duty of the clerk to obey it. Upon his neglect or disobedience for any cause, it was competent to supply the omission on a suggestion of diminution and the issuance and execution of a writ of *certiorari*.

2. As above stated, there was no motion for a new trial. The .question presented is whether there should have been a motion in the court below prepared in the manner. provided by the rule and acted on as a preliminary to a test in this court of the correctness of the action of the trial judge in giving a peremptory instruction to the jury. We are of opinion that such preliminary motion was necessary. The case falls within the principle of *Railroad* v. *Johnson,* 114 Tenn., 632, 637-640, 88 S. W., 169.

The result is, the judgment of the court below must be affirmed.

From the conclusion announced on this last point, Justices McAlister and Neil dissent.