A. G. Bostick *v.* J. I. Thomas.

(*Nashville.* December Term, 1916.)

1. APPEAL AND ERROR. Reservation of grounds of review. Motion for new trial.

A motion for a new trial is necessary to test the correctness of the action of the trial judge in allowing or disallowing a motion for peremptory instructions, since, in order for the appellate court to consider the evidence on which the trial judge directed verdict, it is necessary that there should be a motion for new trial. (*Post, p.* 101.)

Cases cited and approved: Seymour v. Railroad, 117 Tenn., 102; Barnes v. Noel, 131 Tenn., 131; Railroad v. Ray, 124 Tenn., 28; Jacks v. Lumber Co., 125 Tenn., 127.

2. APPEAL AND ERROR. Reservation of grounds of review. Motion for new trial.                                                    o

Everything which occurs in the progress of the trial, and which must be preserved by bill of exceptions, must be made the basis of a motion for new trial, if complaint is to be made thereof on appeal. (*Post, p.* 101.)

3. NEW TRIAL. Motion for new trial. Hearing. Final order or judgment.

If the trial judge, upon consideration of the motion for new trial, deems that he erroneously denied a motion for a directed verdict, it is his duty, in considering the motion, to correct such error, and direct the verdict. (*Post, pp.* 101, 102.)

Cases cited and approved: Box Co. v. Gregory, 119 Tenn., 546; Railroad v. Johnson, 144 Tenn., 632; Assurance Co. v. Feed Co., 122 Tenn., 655; Railroad v. Ray, 124 Tenn., 28; Railroad Commissioners v. Railway, 123 Tenn., 257.

4. APPEAL AND ERROR. Finality of decision. Directions of verdict.

When the trial judge directs a verdict, in considering motion for new trial, to correct his error in having previously denied a

motion for a directed verdict, the appeal is not from his act
awarding the new trial, such action not being final, and there-
fore not appealable, but from the directed verdict and the judg-
ment. (*Post, pp.* 101, 102.)

## FROM WILLIAMSON.

Appeal from the Circuit Court of Williamson
County to the Court of Civil Appeals, and by *cer-
tiorari* to the Court of Civil Appeals, from the Su-
preme Court.— DOUGLAS WILKE, Judge.

J. C. EGGLESTON and W. J. SMITH, for plaintiff.

E. M. HEARN and R. L. MORRIS, for defendant.

MR. JUSTICE LANSDEN delivered the opinion of the
Court.

The petition for *certiorari* in this case is denied be-
cause the petitioner failed to make a motion for a
new trial in the court below.

The case was tried before a jury, and pending the
trial the defendant below moved the court to direct a
verdict in his favor. This motion was disallowed,
and the case was submitted to the jury, which re-
turned a verdict for the plaintiff. After this verdict
was returned the defendant moved the court to grant
him a new trial, and, among other things, assigned
as grounds therefor the refusal of the trial judge
to grant his motion for a directed verdict. After con-
sideration of the motion for new trial,. the court con-

cluded that he was in error in not directing a verdict for defendant, and thereupon granted a new trial, and directed that verdict and judgment be entered for the defendant below. The plaintiff below did not make a motion for a new trial after the foregoing action by the trial judge, but appealed to the court of civil appeals.

A motion for a new trial is necessary to test the correctness of the action of the trial judge in allowing or disallowing a motion for peremptory instructions. *Seymour* v. *Railroad,* 117 Tenn., 102, 98 S. W., 174; *Barnes* v. *Noel,* 131 Tenn., 131, 174 S. W., 276. Everything which occurs in the progress of the trial and which must be preserved by bill of exceptions must be made the basis of a motion for new trial if complaint is made thereof upon appeal. *Railroad* v. *Ray,* 124, Tenn., 28, 134 S. W., 858, Ann. Cas., 1912D, 910; *Jacks* v. *Lumber Co.,* 125 Tenn., 127, 140 S. W., 1066.

If the trial judge upon the consideration of the motion for new trial deems that he erroneously denied a motion for a directed verdict, it is his duty in considering the motion for new trial to correct such error and direct a verdict. *Barnes* v. *Noel,* supra. When such action is taken by the trial judge, the appeal is not from his act awarding the new trial, because such action is not final, and therefore not appealable; but the appeal is from the directed verdict and the judgment thereon. In order for the appellate court to consider the evidence upon which

the trial judge directed the. verdict, it is necessary that there should be a motion for a new trial. *Box Co.* v. *Gregory,* 119 Tenn., 546, 105 S. W., 350; *Railroad* v. *Johnson,* 114 Tenn., 632, 88 S. W., 169; *Assurance Co.* v. *Feed Co.,* 122 Tenn., 655, 126 S. W., 1085; *Railroad* v. *Ray,* supra; *Railroad Commissioners* v. *Railway,* 123 Tenn., 257, 130 S. W., 768.