R. H. BADGER, Plaintiff in error, v. TENNESSEE ELECTRIC POWER COMPANY, Defendant in error.

Middle Section.   December 6, 1930.

S. S. Brown, of Woodbury, for plaintiff in error.
Brown & Spurlock, of Chattanooga, for defendants in error.

DeWITT, J. This was an action for damages alleged to have been sustained by the plaintiff by the overflow of his land as the direct result of the construction and maintenance of the dam of the Tennessee Electric Power Company on Caney Fork River. Upon the trial, at the conclusion of all the evidence, a motion of the de-

fendant for a directed verdict in its favor was overruled by the trial judge. Thereupon the case was submitted to the jury by the court, and the jury returned a verdict in favor of the plaintiff, assessing his damages at $6000. The defendant thereupon made a motion for a new trial on the grounds (1) that there was no evidence to sustain the verdict; (2) that the damages awarded were excessive; (3) that the court erred in not directing a verdict for the defendant. The defendant moved the court to set aside the verdict of the jury and the judgment based thereon, and now to direct a verdict for the defendant dismissing the plaintiff's suit.

The court overruled the first and second grounds for new trial—that there was no evidence to sustain the verdict and that it was excessive; but sustained the third ground, set aside the verdict, and dismissed the suit, holding that by the overflowing of the land the defendant did not take the plaintiff's property or any portion thereof and appropriate it, as contemplated by the laws of eminent domain; that the flooding of the property was temporary, and for such injury the plaintiff could not recover, no negligence being shown in the operation of the dam.

The plaintiff thereupon excepted and prayed and was granted an appeal in error to the action of the court, without making any further motion for a new trial. He seeks to have this court review the action of the Circuit Court in setting aside the verdict, sustaining the original motion for a directed verdict and dismissing the suit, without having first challenged said action in the Circuit Court by motion for a new trial. His able counsel insists that the making of a motion for a new trial under such circumstances would have been a useless proceeding, a mere formality; that it would have been nothing more than an application to the trial judge to reverse a conclusion just reached deliberately upon the same facts which would have to be considered again upon such motion.

Nevertheless, this court conceives that the rule is so well settled that it cannot but refuse to entertain this appeal upon the facts. In Bostick v. Thomas, 137 Tenn., 99, 191 S. W., 968, it was clearly ruled that such further motion for a new trial was necessary where upon a motion for a new trial the court concluded that he had been in error in overruling a motion for a directed verdict, and thereupon granted a new trial, and directed that verdict and judgment be entered for the defendant. In Hamburger v. I. C. R. R. Co., 138 Tenn., 123, 196 S. W., 144, the Supreme Court refused to overrule Bostick v. Thomas and to depart from this rule. It held that the rule was a logical deduction from the rules of Seymour v. Railroad, 117 Tenn., 98, 98 S. W., 174, and Barnes v. Noel, 131 Tenn., 126, 174 S. W., 276. Seymour's case settled the rule of practice that a motion for new trial must be made to test in the appellate court the correctness of the action of the trial judge in giving a peremptory instruc-

tion to the jury. The case of Barnes v. Noel declared that it was the duty of the trial judge to direct a verdict upon consideration of a motion for new trial, when he concluded that he had been in error in overruling the motion for a directed verdict. In the Hamburger case it was pointed out that the meaning of Bostick v. Thomas was that the errors to be assigned in the appellate court by the plaintiff in error must, under the provisions of section 4852 of Shannon's Code, go to the action of the trial judge in improperly granting or refusing him a new trial. The Supreme Court was declaredly satisfied with this meaning of the rule. There being no application for new trial by the party against whom the action was taken by the court below, to challenge and set aside said action, the rule set forth in section 4852 is not complied with, and the said action cannot thereupon be reviewed. Wade v. Knoxville Power & Light Company, 11 Tenn. App., 577.

We have no power to depart from this rule of practice now well settled as we understand it, even though it may appear that the making of a motion for a new trial would have been a mere formality.

The motion made by the defendant in error in this court to affirm the judgment for want of such final motion for new trial must be sustained, and it will be so ordered. The costs of the appeal in error will be adjudged against the plaintiff in error and the surety on his appeal bond.

Crownover, J., and Higgins, S. J., concur.