## S. L. SCOTT, Plaintiff-in-Error, v. ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY, Defendant-in-Error.—286 S. W. (2d) 347.

Western Division at Jackson. June 15, 1954.

Petition for Certiorari denied by Supreme Court, September 6, 1954.

Jake Green, of Memphis, for plaintiff-in-error.

Thomas R. Price (of Canada, Russell, Turner & Alexander), Memphis, for defendant-in-error.

CARNEY, J. Plaintiff-in-error, S. L. Scott, brought suit for property damage, loss of use of his automobile, loss of services, and loss of consortium because of personal injuries sustained by his wife and infant daughter arising out of a collision on February 11, 1953, between a train and plaintiff-in-error's automobile, in Memphis, Tennessee.

The jury returned a verdict in favor of plaintiff in the amount of $852.37 and listed on the jacket the following: Automobile damage $437.37; Medical expense $90; Maid $75; Mental Anguish $250.

In companion cases the wife recovered a judgment for personal injuries of $500, and the minor recovered a judgment for personal injuries of $100.

Only the case of S. L. Scott is before this Court.

The defendant, Railway Company, filed a motion for a new trial, and upon the hearing the Trial Court sustained defendant's motion for a directed verdict made at the close of all the evidence concerning the $437.37 automobile property damage item on the grounds that the damage to the automobile was insufficiently proven, and reduced the judgment by said amount.

The plaintiff excepted and prayed an appeal, which was granted.

The defendant excepted to the action of the Court in overruling the motion for a new trial as to the other items of the judgment which the Court upheld, and prayed an appeal.

The defendant, Railway Company, has moved to dismiss the appeal of plaintiff-in-error, Scott, on two grounds: (1) that the appeal bond was not filed within 15 days from November 13, 1953, as allowed by the Trial Judge, the bond not having been filed until December 17, 1953, and (2) That the record affirmatively shows that the plaintiff-in-error, Scott, failed to make a motion for a new trial following the action of the Trial Judge in sustaining defendant's motion for a directed verdict, and, hence, plaintiff-in-error is not entitled to appeal from the action of the Trial Judge in the absence of a motion for a new trial being made and overruled.

We think both grounds of said motion are good, and the appeal must be dismissed.

■ On October 30, 1953, the Trial Judge sustained defendant's motion for a directed verdict and allowed an appeal to plaintiff-in-error. On November 13, 1953, the

Trial Judge gave an extension of 15 days in which to file the appeal bond. Since the appeal bond was not filed until after November 28, 1953, the appeal was not perfected as prescribed by law, and the appeal must be dismissed. Strain v. Roddy, 171 Tenn. 181, 101 S. W. (2d) 475.

Likewise, our Tennessee cases are thoroughly committed to the rule that where the defendant is granted a directed verdict on motion for a new trial, it is necessary for the plaintiff then to move for a new trial on the ground of error by the Trial Judge in sustaining the motion for a directed verdict, before the Appellate Court can consider or review the action of the Trial Judge. Hence, in the case at Bar the plaintiff-in-error, Scott, before he could have the action of the Trial Judge reviewed, was required to make a motion for a new trial. Badger v. Tennessee Electric Power Co., 12 Tenn. App. 361; Bostick v. Thomas, 137 Tenn. 99, 191 S. W. 968; Standard Oil Co. of New Jersey v. Naramore, 30 Tenn. App. 430, 207 S. W. (2d) 7.

We now consider the Assignments of Error of the defendant-in-error, Railway Company, which Assignments of Error are directed to the item of $250 designated in the jury's verdict as "mental anguish."

Railway Company relies primarily upon the statement contained in the case of All v. John Gerber Co., 36 Tenn. App. 134, 252 S. W. (2d) 138, to the effect that mental anguish is not an element of damages in the husband's suit for negligent injury to his wife or other members of his family, unless it be accompanied by, or result in, physical injury to the husband.

In the case at Bar the plaintiff sustained no personal injuries and did not seek any recovery for mental anguish as such. He did seek damages for the loss of consortium

and loss of services of his wife for six weeks after the accident.

The Trial Judge charged the jury with reference to the case of plaintiff-in-error, husband, only as to loss of companionship and services of the wife during the time she was disabled, and did not indicate to the jury that mental anguish was an element of the husband's case.

These three cases were all tried together, the jury found for plaintiff with reference to liability, and in the absence of explicit instructions and definitions by the Court, the jury could have easily and loosely labeled their award for loss of consortium as mental anguish. The Trial Judge approved this portion of the verdict as returned, and we do not feel that the record shows him to be in error in so doing.

Accordingly, Assignments of Error of the defendant-in-error, Railway Company, must be overruled, and the judgment of the Court below is affirmed.

One-half the costs of the appeal will be adjudged against the plaintiff-in-error, S. L. Scott, and the sureties on his appeal bond, and one-half against the defendant-in-error, Railway Company, and its sureties.

Judgment will be entered in accordance with this opinion.

Avery, P. J. (W.S.), and Bejach, J., concur.