Joe W. Lovell, Executor of the Last Will and Testament
of Hall Lovell, Petitioner-Plaintiff,

*v.*

Jesse Lee McCullough, City of Murfreesboro, and
Richard Stephen Forester, Respondents-Defendants.

439 S.W.2d 105.

(*Nashville,* December Term, 1968.)

Opinion filed March 7, 1969.

Granville S. R. Bouldin, Murfreesboro, for petitioner-
plaintiff.

William H. Woods, Goodpasture, Carpenter, Woods &
Courtney, Nashville, Alfred B. Huddleston, Murfrees-

boro, of counsel, for City of Murfreesboro and Jesse Lee McCullough.

WHITNEY STEGALL, Murfreesboro, and GULLETT, STEELE, SANFORD & WHITE, Nashville, for Richard Stephen Forester.

MR. JUSTICE DYER delivered the opinion of the Court.

This case comes to this Court by the grant of the writ of certiorari. In this opinion Joe W. Lovell, Executor of the Estate of Hall Lovell, will be referred to as plaintiff, and the other parties as defendants, or by name.

This case arose as a result of a vehicle accident involving a pickup truck driven by the defendant Jesse Lee McCullough, with the plaintiff's decedent as a passenger, and a car driven by the defendant, Richard Stephen Forester. Plaintiff-decedent and Jesse Lee McCullough

were both employed by the City of Murfreesboro. It was alleged the truck was owned by said City and was being driven at the time upon the business of the City. The basis of the action for the injuries and death of plaintiff's decedent was the concurrent negligence of the defendants Jesse Lee McCullough and Richard Stephen Forester. Upon a trial before a jury, the trial court entered a judgment in the amount of $23,500.00 against all defendants.

The trial court granted the motion for a new trial filed by the defendants McCullough and the City of Murfreesboro upon the grounds the injuries and death of plaintiff's decedent was covered under our Workmen's Compensation Statutes and at the same time sustained the motion of these two defendants for a directed verdict dismissing the suit as to them. To this action plaintiff prayed and perfected an appeal in error to the Court of Appeals. Plaintiff, prior to this appeal, did not file a motion for a new trial and the Court of Appeals on authority of *Bostick v. Thomas,* 137 Tenn. 99, 191 S.W. 968 (1916); *Badger v. Tennessee Electric Power Co.,* 12 Tenn. App. 361 (1930); *Scott v. St. Louis, San Francisco Railroad Co.,* 39 Tenn.App. 534, 286 S.W.2d 347 (1954), found upon motion it could not entertain this appeal upon the facts. We affirm this holding of the Court of Appeals. This case, insofar as these two defendants are concerned, was closed upon the passage of the time within which to file a motion for a new trial by plaintiff after the trial court dismissed the case as to them.

The motion for a new trial by defendant Forester was overruled and this appeal perfected.

The first issue presented by this case is in regard to the jury verdict and the judgment entered thereon. Upon

return of the jury into open court to return its verdict the following transpired:

THE COURT: Gentlemen of the jury, have you reached a verdict?

FOREMAN CRAMER: We have, Your Honor. We the jury feel that there was negligence on both Mr. McCullough and Mr. Forester, and we recommend a judgement of $23,500.00.

THE COURT: $23,500.00. Now that is against both Mr. McCullough and Mr. Forester?

FOREMAN CRAMER: Total.

THE COURT: Sir?

FOREMAN CRAMER: $23,500. total.

THE COURT: Now, what about the City of Murfreesboro?

FOREMAN: No—we didn't find anything on the City of Murfreesboro, Your Honor—on the part of the City of Murfreesboro.

THE COURT: You find in favor of the City of Murfreesboro then?

FOREMAN CRAMER: Yes.

THE COURT: Let's see if I understand you now. You may be seated. Gentlemen of the jury, as I understand your verdict is you find in favor of the Executor, Mr. Lovell of Hall Lovell, against both the defendants, Jesse Lee McCullough and Richard Stephen Forester, and assess the damages at $23,500. and you find in favor of the City of Murfreesboro?

JUROR #4 (Helton): We'll need some discussion on that, I think we need some discussion on that.

THE COURT: Well, all right.

JUROR #4: I'm not clear.

THE COURT: It is almost twelve o'clock, so you may go to your lunch and then come back and retire to your jury room and resume your deliberations.

After the luncheon recess the jury returned to the Courtroom, at which time the following transpired:

THE COURT: Gentlemen of the jury, have you agreed upon your verdict?

FOREMAN CRAMER: We have, Your Honor.

THE COURT: What is your verdict?

FOREMAN CRAMER: We were under the assumption on our first report that since the City of Murfreesboro could not be separated that they were as one. Therefore, the City is equally as guilty as Mr. McCullough.

THE COURT: You find in favor of the plaintiff against McCullough and the City of Murfreesboro and Richard Stephen Forester?

FOREMAN: Yes, sir, Your Honor.

THE COURT: And you assess the damages at the same amount you gave this morning—$23,500.?

FOREMAN: Yes, sir.

THE COURT: So say you all, gentlemen?

JURY ASSENTS

MR. STEGALL: Your Honor?

THE COURT: Yes, sir.

MR. STEGALL: On behalf of Richard Stephen Forester, I'd like to request the privilege of polling the jury.

THE COURT: All right, sir.

MR. BOULDIN: Your Honor, the Court is the one that polls the jury.

THE COURT: Well, I mean I have to poll them if he asked for it. If he demands the jury to be polled I have to do it.

MR. BOULDIN: Yes, sir, but he was about to do it himself. I wanted Your Honor to do it.

MR. STEGALL: He is mistaken, Your Honor, it is to the discretion of the Court as to the method and means of doing it.

THE COURT: In order to clear up any questions, I'll call them. I'll start right here.

THE COURT: All right, you right there, as between the plaintiff and Mr. Forester, how do you find?

MR. DUNNAWAY: I found both of them guilty.

THE COURT: Now, I said between the plaintiff, that's Mr. Lovell, and the defendant Forester, how do you find?

MR. DUNNAWAY: I don't know what you mean, Judge.

THE COURT: Ah—

MR. BOULDIN: Your Honor, could I make a suggestion? Could the question be phrased simply to ask the

different jurors if the verdict stated by the foreman was also his individual verdict?

THE COURT: No, sir, that would not be polling the jury. If you are going to poll the jury, the juror has got to state how he stands on the specific question, Mr. Bouldin. As I understand the law.

MR. WOODS: Your Honor, please, I think I can clarify this so that the jury, I believe, will be able to answer the questions. I move to poll the jury in behalf of these other two defendants, in other words poll them as to all the defendants.

MR. STEGALL: Your Honor, that is Mr. Woods' privilege, but I think they should be polled separately for each defendant, if he wants to so move. I made a motion on behalf of Mr. Forester, and I think we are entitled to have the jury polled solely on his behalf.

THE COURT: All right.

THE COURT: Now, gentlemen, when you said you did not understand—the only question you have to determine is as to the plaintiff, Mr. Lovell, and as to the defendant, Mr. Forester, first. How do you find as against him—as against, or if you find against Mr. Forester, and you have said that you did find?

MR. DUNNAWAY: Find against Mr. Forester.

THE COURT: Do you want them polled on the amount of damages?

MR. DUNNAWAY: Well, we just split it.

THE COURT: You mean you split the—

MR. DUNNAWAY: $23,500. I believe.

THE COURT: That was the amount you found?

MR. DUNNAWAY: Yes.

THE COURT: And you—do you find that amount against Mr. Forester?

MR. DUNNAWAY: Half of it.

THE COURT: Half of it against him?

MR. DUNNAWAY: Yes, sir.

THE COURT: And half against who?

MR. DUNNAWAY: City.

THE COURT: What about Mr. McCullough?

MR. DUNNAWAY: And McCullough too.

THE COURT: You next man—how do you stand?

JUROR #7: Sir?

THE COURT: What is your verdict?

JUROR #7: I would say about the same way.

THE COURT: Exactly the same as he said?

JUROR #7: Yes, sir.

THE COURT: And you?

JUROR #8: Same way.

JUROR #9: Same way.

JUROR #10: Same way.

JUROR #11: (Nods affirmatively).

JUROR #12: (Nods affirmatively).

JUROR #1: Same way.

JUROR #2: I believe the same way.

THE COURT: Same way? All right.

THE COURT: And you—up here?

JUROR #3: Same way.

FOREMAN CRAMER: (#4) Same way.

JUROR #5: Same way.

THE COURT: Now, do you want them polled as to—

MR. WOODS: Your Honor, I believe the Court does have the right to hold the verdict in accordance with the verdict of the jury. The verdict is found against both defendants and assess the total amount at $23,500. I think that is the verdict the Court should enter.

THE COURT: All right, gentlemen, you may be excused.

■ In the poll of the jury the trial judge in substance stated: "Is this your verdict against the defendant Forester?" In the poll of the jury to pose such question in an action against tort-feasors is error.

■ The only object of polling a jury is to ascertain if the verdict announced by their foreman is the verdict of each and every juror. This is generally done by the trial judge in announcing the verdict given by the foreman and then asking each and every juror individually in substance the question: "Is this your verdict?"

■ In this state polling of juries upon request is mandatory under T.C.A. secs. 20-1324, 20-1325. These statutes require no particular method in the conduct of the poll and under *Dixon Stave & Heading Co., Inc. v.*

*Archer,* 40 Tenn.App. 327, 291 S.W.2d 603 (1956), such was in the sound discretion of the trial judge. In the *Archer* case the court quoted with approval from 53 Am. Jur., Trial, Sec. 1015:

> "Examining the jury by the poll is the most generally recognized means of ascertaining whether they are unanimous in their decision. In no other way can the rights of the parties to the concurrence of the jurors be so effectually secured as to have each juror answer the question, 'Is this your verdict?' in the presence of a court and counsel. By this means it can be ascertained for a certainty that no one has been coerced or induced to agree to a verdict to which he does not fully assent. *The poll of each member of the jury on the question whether the verdict rendered is the verdict of each juror represents the extent to which the court may go in inquiring of the jurors as to the method of reaching their verdict.*" 40 Tenn.App. at 336, 291 S.W.2d at 608. (Emphasis supplied).

As authority for the italicized sentence Am.Jur. cited *Miller v. Blue Ridge Transportation Co.,* 123 W.Va. 428, 15 S.E.2d 400 (1941). This was an action against tortfeasors wherein the jury returned a general verdict against all defendants. Defendants requested the trial judge to poll the jury, propounding to them the question of whether their verdict was arrived at by an agreement in advance for each juror to put down the amount he thought the verdict should be and the aggregate of these sums divided by twelve would be the amount of the verdict. The trial judge refused to propound this question to the jury. The appellate court, affirming the trial judge,

held the trial judge in polling the jury should not inquire as to the methods used by the jury in reaching a verdict.

*Labar v. Koplin,* 4 N.Y. 547 (1851), was an action against joint tort-feasors wherein the jury returned a general verdict against all defendants. The trial judge refused the request of defendants to poll the jury propounding to them the question of whether the verdict was against each of the defendants. The appellate court, in affirming the action of the trial court, said:

> In the case under consideration the verdict announced was clearly against both defendants, and the question proposed to be put to the jury was not only unusual, but seemed to require an explanation of the verdict. It was in substance asking them whether they intended or designed the verdict to be against each and both of the defendants. Such a departure from the established practice can produce no good result, and may lead to much evil, and the judge did right in refusing to permit it. 4 N.Y. at 551.

While the facts in the *Miller* and *Labar* cases are different, we think the reason supporting both decisions is the same. The question proposed in each case was an attempt to go further than ask each juror if the verdict announced by the foreman was his verdict which is an attempt, in a manner of speaking, to get behind the verdict announced by the foreman.

In suits against joint tort-feasors seldom are the defenses of the defendant in complete accord, and most often, as in the case at bar, the defenses are antagonistic to each other. In the case at bar the foreman announced a general verdict against all three defendants. To then

allow on a poll of the jury a question, in substance: "Do you find against this particular defendant?" is to probably invite again before the jury a contest between the defendants already waged in the trial of the case and by the jury in its deliberations. We agree with the court in *Labar v. Koplin,* supra, to do so may lead to much evil.

It could be argued the error here in the polling of the jury is harmless error and we have given consideration to such. We think any degree of implied approval we might give to the manner of the polling of the jury in this case by anything other than reversal could be harmful to the practice.

It results the cause is remanded to the trial court for a new trial in accord with this opinion.

BURNETT, CHIEF JUSTICE, and CHATTIN, CRESON and HUMPHREYS, JUSTICES, concur.