Gladys M. MOORE, Plaintiff-Appellee,

v.

**STANDARD LIFE AND ACCIDENT IN-
SURANCE COMPANY, Defend-
ant-Appellant.**

Court of Appeals of Tennessee,
Western Section.

March 22, 1972.

Certiorari Denied by Supreme Court
July 17, 1972.

M. Watkins Ewell, Jr., Ewell & Farmer, Dyersburg, for defendant-appellant.

Ashley, Ashley & Lawson, Dyersburg, for plaintiff-appellee.

CARNEY, Presiding Judge.

The defendant below, Standard Life and Accident Insurance Company, has appealed from an order of the Circuit Court granting the plaintiff a voluntary nonsuit after first directing a verdict for defendant.

The plaintiff below, Gladys M. Moore, recovered a judgment in the General Sessions Court of Dyer County in the amount of $892.65 against the defendant, Standard Life and Accident Insurance Company, and the defendant appealed to the Circuit Court. Trial was held in the Circuit Court before a jury. At the conclusion of all the evidence the Trial Judge granted defendant's motion for a directed verdict and directed the jury to retire from the courtroom and to return a verdict finding the issues in favor of the defendant as instructed by the Court. The jury retired to the jury room for deliberations. After the jury had been absent about twenty minutes and before the jury returned to the courtroom to announce their verdict, attorney for the plaintiff moved for a voluntary nonsuit which was overruled.

"Thereafter, the jury returned to the Courtroom and announced in open Court that they were unable to agree on a verdict in the case; and thereupon the Court charged the jury further with regard to its duty to return a verdict for the defendant pursuant to the instructions of the Court, the defendant's motion for a directed verdict having been granted and allowed; and thereafter the Court undertook to receive from the jury its verdict for the defendant, at which time the attorney for the plaintiff requested that the jury be polled; and the Court, at the request of the attorney for the plaintiff, called the roll of jurors and asked each of said jurors if he found the issues in favor of the defendant as instructed by the Court; and eight of said jurors responded negatively with four of said jurors responding positively.

"Thereupon, the attorney for the defendant moved the Court to enter judgment for the defendant in the case notwithstanding the refusal of the jury to return its verdict for the defendant pursuant to the instructions of the Court; and the attorney for the plaintiff renewed his motion for a voluntary nonsuit; and after consideration and deliberation, the Court overruled and the said motion of the defendant and allowed and granted the said motion of the plaintiff." (Transcript Vol. I, page 12)

The bill of exceptions contains all of the evidence heard below. However, the only two assignments of error are as follows:

"I. The learned trial court erred in failing to enter judgment of record for the defendant after properly granting defendant's motion for a directed verdict when the jury failed to return a verdict for the defendant pursuant to the instructions of the Court.

"II. The learned trial court erred in granting plaintiff's motion for a voluntary nonsuit after previously granting defendant's motion for a directed verdict."

Defendant did not file a motion for new trial averring error on the part of His Honor the Trial Judge either in refusing to enter a judgment in favor of the defendant or in granting the plaintiff a voluntary nonsuit.

The action of His Honor the Trial Judge in directing the jury to retire and

formulate a verdict in favor of the defendant was mere surplusage. Mutual Life Insurance Co. v. Burton, 167 Tenn. 606, 72 S.W.2d 778. The jury was in contempt of court. Higgins & Crownover, Tennessee Procedure, Section 1394.

■ The facts of this case demonstrate that the better practice is for His Honor the Trial Judge to announce to the jury that he is directing a verdict in favor of one of the parties and that such verdict will be entered. Then he should discharge the jury with thanks. See Barnhill v. Grisham, Western Section of the Court of Appeals, decided August 5, 1971, unpublished.

■ It appears that His Honor the Trial Judge correctly overruled the motion for a voluntary nonsuit made by the plaintiff while the jury was out. T.C.A. Section 20–1311. The motion must be made before the jury retires. It is also the rule in Tennessee that after the Trial Judge has directed a verdict in favor of the defendant that the plaintiff may not be awarded a voluntary nonsuit. Graves v. Union Railway Co., 177 Tenn. 699, 152 S.W.2d 1026.

■ A verdict has no finality until judgment thereon has been entered upon the minutes of the Court. Massachusetts Mutual Life Ins. Co. v. Taylor Implement, 138 Tenn. 28, 195 S.W. 762; Neely v. State, 210 Tenn. 52, 356 S.W.2d 401.

However, we are cited to no authority which holds that after a Trial Judge has directed a verdict that he may not change his mind and refuse to enter a judgment for the defendant.

■ His Honor the Trial Judge, on his own motion, could have set aside a directed verdict and judgment thereon at any time before the end of the term or within thirty days after the entry of the judgment whichever occurred first. Parks v. McGuire (1954), 197 Tenn. 32, 270 S.W.2d 347.

■■ In the case at bar when the Trial Judge first directed a verdict in favor of the defendant, the trial was terminated. Normally, judgment would have been entered on the minutes. The plaintiff could have reviewed the action of the Trial Judge by a motion for new trial as a prerequisite for appeal. Higgins & Crownover, Tennessee Procedure, Section 1596; Bostick v. Thomas, 137 Tenn. 99, 191 S.W. 968; Hamburger v. Railroad, 138 Tenn. 123, 196 S.W. 144. A motion for new trial must also be filed by any party against whom a directed verdict has been granted after motion for new trial of the opposing party was sustained by the Trial Judge. Scott v. St. Louis & San Francisco Railway (1954), 39 Tenn.App. 534, 286 S.W.2d 347; Howell v. Wallace E. Johnson (1956), 42 Tenn.App. 15, 298 S.W.2d 753.

■ In the case at bar after the Trial Judge on his own motion revoked his former order directing a verdict in favor of the defendant and granted plaintiff's nonsuit, the defendant did not file a motion for new trial. This was fatal to defendant's right to review.

In the case of Barnes v. Noel (1914), 131 Tenn. 126, 174 S.W. 276, the defendant Noel made a motion for directed verdict which was overruled and subsequently the jury returned a verdict for the plaintiff Barnes. A motion for new trial was filed by the defendant and granted by the Trial Judge but the Trial Judge again refused to direct a verdict for defendant. The defendant, of course, was, at that time, not entitled to appeal the action of the Trial Judge in refusing to grant a directed verdict because the action of the Trial Judge was not final. The defendant had prepared a wayside bill of exceptions.

When the case came on for retrial, the plaintiff Barnes moved for a nonsuit which was overruled and subsequently the jury returned a verdict for the defendant Noel. The plaintiff Barnes made a motion for new trial which was overruled. The plaintiff appealed to the Supreme Court

assigning as error the failure of the Trial Judge to allow the plaintiff to have a nonsuit during the second trial. Our Tennessee Supreme Court upheld the action of the Trial Judge in denying a nonsuit because a nonsuit would have deprived the defendant Noel of his right to review the refusal of the Trial Judge to grant the defendant a directed verdict at the conclusion of the evidence on the first trial. From said opinion we quote as follows:

"The rule in Tennessee is that the action of the trial judge in directing a verdict must be challenged in the lower court on a motion for a new trial before such action can be reviewed here. Seymour v. Railroad, 117 Tenn. 98, 98 S.W. 174.

"Errors occurring on the trial of a case which can be made to appear by bill of exceptions only must be presented to the consideration of the court below on motion for new trial before any relief on account of such matters can be had in this court. Railroad v. Johnson, 114 Tenn. 632, 88 S.W. 169.

"The propriety of a peremptory instruction given or the refusal of such an instruction can only be determined by an examination of the evidence preserved in a bill of exceptions.

"If on motion for a new trial the circuit judge concludes he erred in directing a verdict, it is his duty to set that verdict aside and award another hearing of the case. If on motion for a new trial he concludes he erred in not directing a verdict, under our practice, it would be his duty to enter an order correcting the verdict rendered to conform to the undisputed evidence.

"The office of a motion for a new trial is not alone to secure another hearing, but to present the errors complained of for correction, if possible, without another hearing. 14 Enc.Pl. & Pr. 846; 2 Elliott on General Pr. § 987, cited and approved in Railroad v. Johnson, 114 Tenn. 632, 88 S.W. 169.

"So it is permissible in the motion for a new trial for the losing party to question the action of the court in refusing him peremptory instructions. This is an error that can be remedied by correcting the verdict as before pointed out. At the same time the attention of the court may be called to other errors, such as errors in the charge or in the admission or exclusion of evidence, which errors cannot ordinarily be corrected, but which entitle the party to another hearing.

"A motion for peremptory instructions is not a waiver of other objections (King v. Cox, 126 Tenn. 553, 151 S.W. 58), nor should reliance on other matters in the motion for a new trial be held a waiver of the motion for peremptory instructions. The settled policy in this state is to give the unsuccessful party below the right to have a review on appeal of every question properly made and preserved by him."

 Upon the authority of Barnes v. Noel and Higgins & Crownover, Tennessee Procedure, Section 1597, we hold that a motion for new trial is indispensable to review the action of the Trial Judge in refusing to grant a directed verdict.

The assignments of error are respectfully overruled, the judgment of the lower Court is affirmed, and the costs taxed one-half to the plaintiff and one-half to the defendant. T.C.A. Section 20–1621.

MATHERNE and NEARN, JJ., concur.