The complainants, Freeman A. Brown and Cora L. Binkley, filed the bill in this cause against the Fidelity Deposit Company of Maryland, surety on the bond of J.S. Minton, clerk of the criminal court of Davidson county, to recover $250, with interest and penalties, which sum was deposited in lieu of bail *Page 509 
for Freeman A. Brown, who was arrested on a charge of failure to provide for his minor child, and which sum they allege the clerk failed to return after the trial of the case.
The defendant bonding company pleaded (1) payment, and (2) that the complainants were guilty of laches in that they did not bring their suit until five years after the cause of action accrued, and are therefore estopped to maintain this suit.
The chancellor decreed that although the defendant Fidelity 
Deposit Company of Maryland did not satisfactorily prove a refund of said deposit to complainants, nevertheless the complainants were guilty of laches in not prosecuting their claim with diligence; and he dismissed their bill.
The complainants excepted to the decree in so far as the defense of laches was sustained. The defendant bonding company excepted to the ruling of the chancellor that the defense of payment was not sustained. Both complainants and defendant appealed to this court and have assigned errors.
The errors assigned by the complainants raise only the questions whether the complainants were guilty of laches and were estopped to recover.
The errors assigned by the defendant are, in substance, that the chancellor erred in decreeing that the defense of payment was not sustained.
On July 31, 1929, Freeman A. Brown, a man of the age of thirty-one years, was arrested on a charge of failure to provide for his minor child, and bound over from the juvenile court to the criminal court. His sister, Mrs. Cora L. Binkley, deposited with J.S. Minton, clerk of the criminal court of Davidson county, $250 as a cash appearance bond. No receipt for the same was given to her.
The Fidelity Deposit Company of Maryland was surety on a $5,000 bond executed by J.S. Minton to insure his faithful performance of his duties and the accounting for all moneys coming into his hands as clerk of said court.
The $250 in cash was placed in an envelope with the title of the case and the name of the person depositing the bond written on the same, and said envelope was placed in a compartment of the safe in the clerk's office, to which compartment the said J.S. Minton alone had a key.
On March 12, 1930, the case was tried in Division 1 of the criminal court. The court ordered Freeman A. Brown to pay into Court $4 per week for the support of the child and $1 per week to apply on the costs until they should be paid in full; thereafter to pay $5 per week into court for the support of the child. Thereupon, Freeman A. Brown was released from the custody of the court, and the court ordered that the cash bond should be refunded to Mrs. Binkley. *Page 510 
The weekly payments were made by Cora L. Binkley at the office of J.S. Minton, clerk, for several weeks following the trial.
Within two weeks after the trial Mrs. Binkley went to the clerk's office and demanded the amount of the bond of J.S. Minton, clerk, or a deputy clerk, but was told that she could not get the money at that time.
The clerk, J.S. Minton, died on October 12, 1930.
A short time afterwards Mrs. Binkley asked the officer who had arrested her brother, and who had received the $250 from her and deposited it with the clerk, to go with her to the clerk's office and assist her in obtaining the money. The officer accompanied her to the office and talked to a deputy clerk who informed him that no such deposit had been made, but the officer looked on the docket and located the entry showing the deposit. The deputy clerk then informed Mrs. Binkley that she had been given a receipt for the same which would have to be presented before she could obtain a refund of the money.
Later she again went to the office and demanded the money, but was informed that she could not secure it without presenting a receipt which had been issued.
In the fall of 1930 she engaged a lawyer to collect the amount, but he took no action. She engaged four lawyers in turn, but none filed suit.
On March 11, 1935, she filed her original bill in this cause.
1. The defendant admits that the clerk received the $250, and the plea of payment admits the debt, but the defendant contends that the money was refunded on March 12, 1930.
The defendant's evidence to establish payment is entirely circumstantial. The testimony is that it was the custom of the office to give the depositor of a cash bond a receipt for the same; to put the money in an envelope, properly labeled, in a locked compartment of the office safe; and when the money was refunded to take up the receipt and destroy it; that after the death of J.S. Minton no envelope, so labeled, containing any money, was found in the safe; and that the complainants were unable to produce a receipt of the clerk for the same. The following evidence was introduced in support of the claim of payment: J.R. Minton, son of J.S. Minton, and deputy clerk when this money was paid in and since, testified that when the case against Freeman A. Brown was finished or disposed of, Brown Taylor, attorney for Freeman A. Brown, called the judge's attention to the fact that a cash bond had been put up which should be returned; that the judge turned to him (J.R. Minton) and told him to so inform the clerk; that he went to the door of the office of the clerk and told him that the case against Freman A. Brown had been disposed of and the judge had ordered that the cash bond should be returned, and came immediately back into the courtroom; that five or ten *Page 511 
minutes later Brown Taylor came into the courtroom and said to him: "Thank you for what you have done because that would be the only way I could get my fee."
Brown Taylor testified that he did not make this statement to J.R. Minton.
Other testimony relied on by the defendant is that of Mrs. Freeman A. Brown, who testified that she was in the courtroom the day of the trial and heard Freeman A. Brown's attorney ask the judge about the return of the cash bond and the judge's statement that he could get it then.
The foregoing was all the evidence for the defendant to establish payment.
The complainants testified that no receipt was issued by the clerk and the money was never refunded.
The burden of showing payment is upon the defendant under its special plea of payment. Insurance Company v. Dunscomb,108 Tenn. 724, 69 S.W. 345, 58 L.R.A., 694, 91 Am. St. Rep., 769; Ford v. Lawrence, Tenn. Ch. App., 51 S.W. 1023.
The foregoing evidence for the defendant fails to show payment, and it fails to carry the burden; hence, we hold that the money was not returned to Mrs. Binkley, and the defendant's assignments of errors are overruled.
2. This suit was brought about five years after the complainant, Mrs. Binkley, was entitled to the return of the money. The statute of limitations of six years had not run against the claim. Shannon's Code, section 4472.
The defendant was able to command all of its evidence except the testimony of J.S. Minton, who died about six months after the trial of Freeman A. Brown. The court records, books of the clerk's office, and all the deputy clerks were available. Its rights, therefore, were not prejudiced by the delay of five years, and the complainants are not estopped from maintaining their suit. Rogers v. Colville, 145 Tenn. 650, 238 S.W. 80; Samuel v. King, 158 Tenn. 546, 14 S.W.2d 963; Parker v. Bethel Hotel Co., 96 Tenn. 252, 34 S.W. 209, 31 L.R.A., 706. The memories of the witnesses were not dimmed; their recollections of all they had ever known about the transaction were apparently perfect. They appeared to remember every detail of the affair, except seeing the money paid back.
3. The complainants prayed in their bill for interest and penalty.
The money should have been refunded on March 12, 1930, when the case against Brown was disposed of. Shannon's Code, section 7135; State v. Ross, 100 Tenn. 303, 45 S.W. 673. But this is a suit against the surety on the clerk's bond and not against the estate of the delinquent official. As against the surety interest is allowed only from the date the action is commenced, where no demand upon the surety was made. 46 C.J., 1071, section 404; 22 *Page 512 
R.C.L., 518, section 206. The original bill was filed on March 11, 1935. Therefore, the complainants are entitled to interest at 10 per cent. from that date. Code 1932, section 1835.
They certainly can recover only the interest and penalty allowed by statute in force when the right accrued (that is, in this case, when the suit was instituted).
The case of Marion Trust Banking Company v. Roberson,151 Tenn. 108, 268 S.W. 118, holding that an official is liable for interest from the date of the conversion, is not applicable, because he is not a party.
The attack that the defendant makes on the act of 1913, Pub. Acts, 1913, chapter 31, does not apply to section 1835 of the Code of 1932, because said section is in effect a new statute, which is not directly attacked in this case, and we think it cannot be successfully attacked because the interest allowed in said section is in the nature of a penalty. 29 Cyc., 1456; Dale v. Hartman, 157 Tenn. 60, 6 S.W.2d 319.
It is not necessary to sue the principal; the complainants may maintain a suit against the bondsman without making the principal a party.
"Liability of a principal on an official bond need not be fixed before recovery against his bondsmen.
"The principal in an official bond being dead, and his estate having been suggested insolvent, it is not necessary to bring his representative before the court, in order to fix the liability of his sureties." Ferrell v. Grigsby, Tenn. Ch. App., 51 S.W. 114.
It results that the complainants' assignments of errors are sustained and the defendant's assignments are overruled. The decree of the chancellor is reversed, and a decree for $250 with interest at the rate of 10 per cent. from March 11, 1935, to the present will be entered in favor of the complainant, Mrs. Cora L. Binkley, and against the defendant, the Fidelity Deposit Company of Maryland. The costs of the cause including the costs of the appeal are decreed against the defendant Fidelity 
Deposit Company of Maryland.
Faw, P.J., and Felts, J., concur.