Oswaldo Antonio CORTEZ and Diana Cortez, individually and as natural parents and by next friend of Melisa Cortez, Corina Cortez, and Luis Cortez, Minors, Plaintiffs/Appellees.

v.

ALUTECH, INC., ACPC, Inc., and Alfredo Riviere in both his corporate and individual capacity, Defendants/Appellants.

Court of Appeals of Tennessee, Western Section at Nashville.

Aug. 14, 1996.

Application for Permission to Appeal Denied by Supreme Court Jan. 27, 1997.

G. Philip Anderson, Anderson & Rankin, Brentwood, for Defendants/Appellants.

Larry D. Ashworth, Peter D. Heil, Nashville, for Plaintiffs/Appellees.

FARMER, Judge.

This litigation results from the alleged breach of an employment contract by Appellants, ACPC, Inc. (ACPC) and Alfredo Riviere (Riviere). In the spring of 1990, Appellee, Oswaldo Antonio Cortez, a native Venezuelan, relocated his wife and three children to Brentwood, Tennessee to accept an offer of employment with ACPC.[1] The offer was extended in writing on March 1, 1990 to include "compensation of $5,000 (U.S. Dollars) per month", "relocation costs (reasonable)" and "temporary living allowance (reasonable time)." During this time period, ACPC also assisted Cortez in obtaining an H-1 non-immigrant (temporary worker) visa from the Immigration and Naturalization Service (INS). Cortez began his employment in the position of Manager of Business Planning on May 1, 1990. His employment was terminated on July 31, 1991.

A complaint was filed against Alutech, Inc.,[2] ACPC and Riviere, "in both his corporate and individual capacity,"[3] alleging "breach of an express contract of employment, breach of an express contract to procure U.S. permanent residence status,[4] intentional fraudulent misrepresentation, negligent misrepresentation[5] and promissory estoppel." It was specifically alleged that Mr. Cortez and Appellants agreed to an employment period of three years "starting May 1, 1990 to April 30, 1993" and that Appellants would initiate application for a U.S. permanent residency visa

for the Appellees after residing in the United States for three to six months. Appellees alleged that Mr. Cortez terminated his employment with a Venezuelan aluminum manufacturing corporation in order to accept, and in reliance upon, Appellants' offer of employment. It was further alleged that Mr. Cortez performed all the terms and conditions of the contracts and that Mr. Cortez's acceptance of Appellants' offer afforded them a substantial benefit other than the services which he was hired to perform which constituted additional consideration.

Appellants answered, denying all material allegations of the complaint and affirmatively asserting that Mr. Cortez's employment was terminated for cause or, alternatively, if an agreement existed, such was oral and barred by the statute of frauds. Appellants subsequently filed a motion for summary judgment which was denied.

The case proceeded to trial before a jury with Appellants' counsel moving for a directed verdict at the close of Appellees' proof. The motion was denied. Appellants renewed their motion at the close of all proof, with the trial judge "reserv[ing] judgment" thereon.

The jury returned a verdict in favor of ACPC on the issue of breach of contract; in favor of ACPC and Riviere on the issue of grossly negligent misrepresentation; and in favor of Riviere "personally and individually" on the issue of fraudulent misrepresentation. The jury found in favor of the Appellees against ACPC and Riviere "in his corporate capacities" on the issue of fraudulent misrepresentation. The jury awarded the appellees $50,000 in damages and the Chancery Court

---

1. ACPC engages in the manufacture and sale of aluminum electrical conductors.

2. It was alleged that Alutech is the parent company of ACPC. The trial court directed a verdict in favor of Alutech as to all claims and entered judgment accordingly. Alutech is not a party to this appeal.

3. The complaint alleges that Mr. Riviere is the president and owner of ACPC.

4. Mr. Cortez's wife, Diana, and their three children, Melisa, Corina and Luis joined in the suit alleging to be third-party beneficiaries under the contracts. The aforementioned, in addition to Mr. Cortez, are the appellees in this appeal and hereinafter will be referred to collectively as "Appellees" or by name.

5. The alleged misrepresentations concerned the financial stability of ACPC and its relationship with Alcoa.

of Williamson County entered judgment accordingly. At the conclusion of trial, Appellants' counsel orally requested the court to consider a motion for judgment notwithstanding the verdict. Counsel stated, "[i]f the court would want to entertain [the motion] at this time or prefer us to file a formal motion." The court responded that it "normally require[d] those [to] be filed in writing." No post trial motions were filed on behalf of Appellants other than one to stay the judgment pending the outcome of this appeal.

Appellants' issues on appeal are as follows:

I. The court below erred in failing to grant summary judgment to Defendants on the issue of intentional fraudulent misrepresentation.

II. The court below erred in failing to direct a verdict in favor of Defendants following Plaintiffs' presentation of evidence.

III. There is no evidentiary support in the record for the conclusion reached by the jury below, and thus a reversal is required.

Appellees present two additional issues:

I. Whether Appellants are entitled to have this Court review the jury's verdict where they did not file the requisite post-trial motion(s) in order to provide the Chancellor with the initial opportunity to conduct such review.

II. Whether Appellants' attempt to gain review of the Chancellor's denial of their motion for summary judgment is proper given that a judgment has been subsequently rendered after a trial on the merits.

We first address the issues pertaining to the trial court's denial of Appellants' motion for summary judgment. Appellees argue that Appellants cannot properly pursue this issue on appeal because a judgment was subsequently rendered after a trial on the merits. Appellees cite *Bradford v. City of Clarksville*, 885 S.W.2d 78 (Tenn.App.1994), which holds that "[a] trial court's denial of a motion for summary judgment, predicated upon the existence of a genuine issue of material fact, is not reviewable on appeal when a judgment is subsequently rendered after a trial on the merits." *Bradford*, 885 S.W.2d at 80; *Accord Oliver v. Hydro–Vac Services Inc.*, 873 S.W.2d 694, 696 (Tenn.App. 1993); *Mullins v. Precision Rubber Products Corp.*, 671 S.W.2d 496, 498 (Tenn.App.1984).

Appellants counter that they are not seeking review of the trial court's denial of their initial summary judgment motion, but their "renewed" motion for summary judgment during the trial at the close of Appellees' proof. They argue that *Bradford* concerned an initial summary judgment motion made and denied before the commencement of trial. They agree that the summary judgment motion denied by the trial court prior to trial "is not a topic ripe for appellate review." Appellants further assert that although a genuine issue of material fact may have existed at the time of the initial denial of the motion, its existence at that time does not justify a subsequent denial of a renewed motion if a genuine issue of fact no longer exists.

■■■ This is a matter of mere semantics. Obviously, the "renewed motion for summary judgment" at the close of Appellees' proof was a motion for a directed verdict. It was even argued as such at the time of its making (albeit Appellants requested that they be allowed to rely upon the brief filed in support of their summary judgment motion). Moreover, the standard of review, as correctly noted by the trial court, was the same whether the motion be designated one for summary judgment or the direction of a verdict. *See, e.g., White v. Methodist Hosp. South*, 844 S.W.2d 642 (Tenn.App.1992). In any event, the law is clear in this jurisdiction that this Court is precluded from entertaining, as alleged error, the trial court's denial of a summary judgment motion (predicated upon the existence of a genuine issue of material fact) when the case proceeds to a trial on the merits and a judgment is subsequently ren-

dered. We find it immaterial whether the summary judgment motion was made prior to or during the course of trial, so long as a judgment results after a trial on the merits.

This leads to discussion of the trial court's denial of Appellants' motion for a directed verdict. Once Appellants moved for a directed verdict at the close of Appellees' proof, it was incumbent upon them to renew their motion at the close of all the proof as an initial step to preserving the issue for review on appeal. Rule 50.02 T.R.C.P. "The motion [for directed verdict] must be made at the conclusion of all the proof in order for it to be considered by the trial court on a post-trial motion and by this court on appeal." *Potter v. Tucker,* 688 S.W.2d 833, 835 (Tenn. App.1985).

It is clear from the record that Appellants renewed their motion for a directed verdict at the close of all the proof. They, however, failed to file any post-trial motions for either a new trial or to have the judgment set aside. Appellees contend that Appellants' omission in this regard is fatal to their request for appellate review. Appellees cite Rule 3(e) T.R.A.P. which reads:

> [I]n all cases tried by a jury, no issue presented for review shall be predicated upon error in the admission or exclusion of evidence, jury instructions granted or refused, misconduct of jurors, parties or counsel, or other action committed or occurring during the trial of the case, or other ground upon which a new trial is sought, unless the same was specifically stated in a motion for a new trial; otherwise such issues will be treated as waived.

Appellants contend the filing of a motion for new trial was not necessary in this case because they do not seek a new trial. They further insist that the filing of a motion in accordance with Rule 50.02 T.R.C.P. is not a prerequisite for appellate review and that the motion for directed verdict was sufficient to preserve the issue for review by this Court. They argue, "[b]ecause the motion for directed verdict was denied, judgment in accordance with the motion for directed verdict would naturally have been denied as well. A 50.02 motion ... would thus have been futile, and such a technical requirement would serve no purpose...."

We first consider Appellants' failure to file a new trial motion. A motion for new trial is considered an important step of post-trial and appellate procedure in jury cases. It specifically affords the trial judge the opportunity to consider or reconsider alleged errors committed during the course of trial or other matters affecting the jury or the verdict. *McCormic v. Smith,* 659 S.W.2d 804, 806 (Tenn.1983). Although a prerequisite to appellate review in certain cases, in accordance with Rule 3(e), such motion, however, is not necessarily warranted in all cases wherein review by this Court is sought.

The argument that a motion for a new trial is necessary for review of a trial court's refusal to grant a directed verdict was expressly rejected by the court of appeals in *Rupe v. Durbin Durco, Inc.,* 557 S.W.2d 742 (Tenn.App.1976), overruled on other grounds, *Crosslin v. Alsup,* 594 S.W.2d 379 (Tenn. 1980). There, the plaintiffs argued that appellate review was precluded because the defendant had failed to file a motion for new trial, but instead had chosen to file a motion for judgment notwithstanding the verdict. *Rupe,* 557 S.W.2d at 746. The defendant countered that he should not be required to file a new trial motion because he did not desire a new trial. The court in *Rupe* stated:

> [Plaintiffs'] contention is supported in the case of *Moore v. Standard Life and Accident Ins. Co.,* 504 S.W.2d 373 (Tenn. App.1972), where it was specifically held that: "A motion for new trial is indispensable to review the action of the trial judge in refusing to grant a directed verdict."

> The *Moore* case was prior to the effective date of The Tennessee Rules of Civil Procedure. The [defendant's] motion is permissible under Rule 50.02....

> . . . .

> There is no doubt that the defendant's post-trial motion is sufficient for the pur-

pose of an appellate review, for the right is expressly granted under Rule 50.02. Even prior to Rule 50.02 the appellate courts recognized that as to legal questions, the trial court's actions could be reviewed upon post-trial motions other than for new trial.

*Id.* at 746–48 (citations omitted).

Rule 50.02 T.R.C.P. provides:

Whenever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Within 30 days after the entry of judgment a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with the party's motion for a directed verdict; ... A motion for a new trial may be joined with this motion, or a new trial may be prayed for in the alternative. If a verdict was returned, the court may allow the judgment to stand or may reopen the judgment and either order a new trial or direct the entry of judgment as if the requested verdict had been directed.

The comments to this rule state:

The power of the court to grant a directed verdict on post-trial motion, either following a verdict or in event of a mistrial because of disagreement of the jury, has long been recognized in Tennessee. This Rule, however, does permit the filing of a post-trial motion for directed verdict without its being incorporated into a motion for a new trial as has been the practice heretofore followed, although the prior practice in this regard is still permitted.

The court in *Rupe* held that a post-trial motion for judgment notwithstanding the verdict is generally restricted to two specifications of error; one being that there is no evidence to support the jury's verdict. *Rupe,*

557 S.W.2d at 748. *Rupe* distinguished this post-trial motion from that for a new trial which allows a weighing of the preponderance or sufficiency of the evidence. The former requires a determination of whether there is any material evidence to support the verdict. *Id.* at 747–48. As our supreme court explained in *Holmes v. Wilson,* 551 S.W.2d 682 (Tenn.1977):

A post-trial motion for the entry of judgment in accordance with a motion for a directed verdict made during the trial must be gauged by the usual rules relating to directed verdicts. Those rules require that the trial judge, and the appellate courts, take the strongest legitimate view of the evidence in favor of the opponent of the motion, allow all reasonable inferences in his or her favor, discard all countervailing evidence, and deny the motion where there is any doubt as to the conclusions to be drawn from the whole evidence. A verdict should not be directed during, or after, trial except where a reasonable mind could draw but one conclusion.

. . . .

When dual motions are presented, i.e., motions for a directed verdict and for a new trial, two standards of consideration are involved. On motion for judgment n.o.v., the sole concern of the trial judge is the existence of material evidence in accordance with the above criteria whereas on motion for a new trial he has a substantially wider, though not unbridled, latitude and may set the verdict aside when it is against the weight of the evidence or when the interests of justice would be served thereby. Thus the trial judge consistently may overrule a motion for directed verdict or for judgment n.o.v. and grant or deny a new trial.

*Holmes,* 551 S.W.2d at 685 (citations omitted).

As noted, Appellants did not file a motion for judgment in accordance with the motion for a directed verdict.[6] We find their

---

6. Appellants do not argue on appeal the sufficiency of the post-trial motion made orally at the trial's conclusion. Nor do we find merit in such

contention, if made, in light of Rules 59.02 and 7.02 T.R.C.P.

omission in this regard to preclude a review of this matter in light of Rule 50.02 T.R.C.P. and also Rule 36(a) T.R.A.P. which states that "[n]othing in this rule shall be construed as requiring relief be granted to a party . . . who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error." We disagree with Appellants' contention that the filing of such post-trial motion is "futile." Their failure to file such a motion denied the trial court the opportunity to reconsider its former decision on the issue and the legal questions raised by the motion.

The judgment of the trial court is, accordingly, affirmed and this cause remanded for any further proceedings herewith consistent. Costs are assessed against ACPC, Inc. and Alfredo Riviere, for which execution may issue if necessary.

CRAWFORD, P.J., W.S., LILLARD, J., concur.