IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
_____

FILED

**August 12, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

**LINDA L. MIRES,**

     Plaintiff-Appellee,

Vs.

                                    Dresden Circuit No. 2893
                                    C.A. No. 02A01-9707-CV-00172

**DAVID CLAY AND BILL HAYES,**
**ET AL,**

     Defendants-Appellants.
_____

FROM THE DRESDEN COUNTY CIRCUIT COURT
THE HONORABLE BILL ACREE, JUDGE

James H. Bradberry & Associtaes of Dresden
For Appellee

H. Max Speight of Martin
For Appellant, Bill Hayes

*AFFIRMED AND REMANDED*

Opinion filed:

**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**

**ALAN E. HIGHERS, JUDGE**

**HOLLY KIRBY LILLARD, JUDGE**

This case involves the violation of the Tennessee Consumer Protection Act (TCPA) in

connection with a breach of a residential construction contract. Defendant, Bill Hayes, appeals

the judgment of the trial court on a jury verdict awarding plaintiff, Linda Mires, $5,000.00 for

violation of TCPA and the trial court's order awarding plaintiff $5,907.50 in attorney fees and expenses.

Rufus and Linda Mires (plaintiffs[1]) hired defendant David Clay (Clay), an unlicensed construction contractor, to build their retirement home in Martin, Tennessee according to plans that they supplied. The total contract price was $111,000.00, to be paid in installments, with 10% down, 30% when the house was "dried in," 30% when the sheetrock was installed and the plumbing and electrical wiring roughed in, and the balance due upon completion. Since Clay was unlicensed, and thus unable to secure a building permit, defendant Bill Hayes (Hayes), a licensed contractor, applied for the requisite permit under the name Hayes Construction using his license number. Hayes testified that he agreed to apply for the permit after Clay assured him that he was in the process of getting his license, that he had completed almost all of the requirements for his license, and that all he lacked was a recommendation letter from a code inspector. Hayes stated that his intent in applying for the permit was only to help speed up the permit process, that he never intended for Clay to work under his license and that there was never a principal/agent relationship between Clay and himself. On June 23, 1994, the City of Martin issued a permit for the construction of the single family residence, listing Hayes Construction as the contractor. The permit was signed for by David Clay as "contractor or authorized agent."

To finance the project, Mr. and Mrs. Mires obtained a construction loan from Merchant's State Bank, which later became Union Planters Bank. Clay had recommended that plaintiffs contact Steve Nowell, the bank's assistant vice-president, to discuss financing the construction.

Construction began as scheduled, but after a few months plaintiffs began to complain about the lack of progress being made and the quality of work that had been completed. Up to that point, the plaintiffs had paid Clay a total of $88,500.00 in various checks written both to Clay individually, and jointly to Clay and Vowell & Sons, Inc., the lumber company supplying materials for the job. Plaintiffs arranged a meeting with Clay to discuss their concerns, but Clay

---

[1]Rufus and Linda Mires filed the original suit in April 1995 but took a voluntary nonsuit. Mr. Mires died after the suit was refiled, so Mrs. Mires amended the complaint to list herself as plaintiff, individually, and as the executrix of the estate of Rufus Mires. Since Mr. Mires was alive throughout the events that precipitated this suit, we use the plural "plaintiffs" throughout this opinion.

never showed up for the meeting. Subsequent attempts to locate Clay failed and the plaintiffs were forced to find other contractors to complete construction. Upon investigation, the plaintiffs discovered that Clay was not a licensed contractor but that the city had issued a building permit on his signature. Linda Mires testified that she and her husband did not learn that Clay was unlicensed until after he walked off the job. In addition, they discovered that Vowell & Sons had not been paid by Clay, despite an agreement that materials were to be paid for before Clay received his share.

Linda Mires testified that after learning that Bill Hayes' name was on the building permit, the plaintiffs sought his help in completing construction. She testified that Hayes promised to help, but that his assistance was never forthcoming. The plaintiffs experienced difficulty in securing subcontractors to complete the work, but after expending a total of almost $189,000.00[2], and some fifteen months, the home was completed.

The plaintiffs initially filed suit against Clay, Hayes, Vowell & Sons, Inc., Merchant's State Bank, and Steve Nowell, the bank's assistant vice-president. Plaintiffs alleged that Nowell assured them that Clay was one of the best builders in Martin and that Nowell promised to visit the property every week to check on the progress of construction. Plaintiffs alleged that defendants Nowell and Merchant's State Bank owed the plaintiffs a fiduciary duty and that they "were in a position of superior knowledge concerning the honesty, integrity and building expertise" of defendant Clay. Plaintiffs alleged that defendant Vowell & Sons breached its contract with plaintiffs by not applying sufficient funds towards the balance due on plaintiffs' account before allowing Clay to receive his share. Vowell & Sons was dismissed as a defendant and David Clay could not be located and thus was never served with process. Nowell and Merchant's State Bank were dismissed from the suit after they settled with the plaintiffs for $10,000.00. During the subsequent jury trial, plaintiffs elected to take a non-suit.

Plaintiffs refiled the instant suit on May 24, 1996, seeking recovery from David Clay and Bill Hayes only. The complaint alleges that Clay was Hayes's actual or apparent agent and that Hayes was thus liable for Clay's breach of contract. In the alternative, plaintiffs allege that

---

[2] At trial, Hayes argued that plaintiffs had not suffered any actual damages because the home was worth much more than the contract price. In support of this contention, Hayes presented the testimony of two expert witnesses who testified that it would cost between $185,000 and $200,000 to build the home according to the plans supplied by plaintiffs.

Hayes was negligent in allowing Clay to use his contractor's license to obtain the construction permit and that he knew, or should have known, that Clay did not possess the experience or expertise to complete the job in accordance with the terms of the contract. Furthermore, the complaint alleges that Hayes's unfair or deceptive acts were violations of the Tennessee Consumer Protection Act (TCPA). Again, Clay was not located and was never served with process. Defendant Hayes filed a motion to dismiss plaintiffs' complaint for failure to join an indispensable party, the City of Martin, which plaintiffs allege wrongly issued the building permit. This motion was denied. Four days before trial, Hayes' attorney located David Clay by telephone after contacting one of Clay's relatives living in the area. Clay refused to testify on behalf of Hayes, but stated that he would give a deposition if it were taken outside the state of Tennessee. On June 5, 1997, the date set for trial, Hayes filed a motion for a continuance to take the deposition of Clay. In support of this motion, Hayes attached Clay's affidavit in which Clay asserted that the plaintiffs were aware that Clay was not a licensed contractor, that Hayes had no involvement in the building of the house, and that Clay was never an agent for Hayes. The motion for continuance was denied and the matter proceeded to trial. In the trial court's instructions to the jury, the only theory of recovery presented to the jury involved the alleged violation of the Tennessee Consumer Protection Act. The jury awarded plaintiffs $5,000.00 and the trial court awarded $5,907.50 in attorney fees and costs under the Act.

Hayes filed a post-judgment motion styled "Motion to Amend Judgment to Allow Credit for Funds Paid to Plaintiffs by Former Co-Defendants." In this motion, Hayes asserted that he was entitled to have the $10,000.00 received by plaintiffs in settlement from Nowell and Merchant's State Bank applied as a credit to off-set the adverse judgment and award of attorney fees. This motion was denied.

Hayes appeals the judgment of the trial court and presents the following issues for review:

> 1. Whether the trial court erred in failing to grant the Motion of Defendant to Amend Judgment to Allow Credit for Funds Paid to Plaintiffs by Former Co-defendants.
>
> 2. Whether the trial court erred in failing to grant Defendant's Motion to Dismiss the Complaint against him for failure of the Plaintiffs to join an indispensable party.
>
> 3. Whether the trial court erred in denying defendant's motion for

4

a continuance in order to take the deposition of David Clay.

4. Whether the trial court erred in failing to direct a verdict for defendant based on the standards required to find liability under the Tennessee Consumer Protection Act.

In his first issue, appellant Hayes asserts that the trial court erred in failing to grant his post-judgment motion to allow credit for funds received by the plaintiffs in settlement from former co-defendants. In support of his motion, Hayes attached a portion of the trial transcript in which counsel and the court, outside the presence of the jury, discussed whether the jury should be informed of the prior settlement and whether Hayes should be credited with the amount of the settlement in the event the jury returned an adverse judgment. Plaintiffs' counsel argued that the jury should not hear evidence of the prior settlement, but conceded that it would be appropriate to give Hayes credit for that amount "because that's fair." The court ruled that testimony regarding the prior settlement was appropriate because it would aid the jury in determining the actual losses suffered by plaintiffs. On cross-examination of Linda Mires, defense counsel elicited testimony regarding the $10,000.00 settlement. When it came time to instruct the jury, the trial court, in summarizing the positions of the parties, stated the following:

> The defendant also alleges that the plaintiff -- that the plaintiff has previously claimed that the actions of Merchants State Bank, Martin, Tennessee, and Steve Nowell as then officer and employee of said Merchants State Bank, now Union Planters Bank, was also the proximate cause of her damages.

In its order denying Hayes' motion to amend the judgment, the trial court stated that "the prior settlement was properly submitted to the jury during the trial for their consideration during deliberation."

Appellant cites no authority which would permit this Court to grant the requested relief, but instead relies on the apparent agreement made between counsel during the trial of this matter. Indeed, we could find no Tennessee case wherein credit was sought for funds previously paid under these circumstances. There are numerous cases wherein a party has sought credit for funds that the party had previously paid to the plaintiff, or for funds paid to the plaintiff by an insurance company on its behalf, but those cases typically involve claims for set-off or recoupment which are inapplicable here. Upon review of the record, we are of the opinion that there is not sufficient evidence of an express agreement between the parties to allow credit for funds paid in the prior settlement. Plaintiffs' counsel objected to the introduction of evidence

5

regarding the settlement and the concessions concerning credit were apparently made on the premise that the jury would not have this information when assessing damages caused to plaintiff. Furthermore, to allow such credit in the absence of an express agreement would be contrary to the principles of comparative fault. An action under the TCPA is an action in tort, and as such, we must assume that the jury assessed damages against Hayes in proportion to his fault in causing the plaintiffs' injury.[3] The denial of appellant's motion to amend the judgment is affirmed.

Appellant's second issue involves the trial court's refusal to dismiss plaintiff's complaint for failure to join an indispensable party. Appellant asserts that the City of Martin was negligent in issuing the building permit on the signature of David Clay, and that the plaintiffs would not have been damaged if the permit were never issued. Furthermore, appellant argues that dismissal was appropriate since the city could not have been joined as a party because T.C.A. § 29-20-302 requires that notice of a claim be given to the governmental entity within 120 days after the cause of action accrues.

First, we note that the statute appellant relies upon regarding the 120 day notice requirement was repealed in 1987. Second, appellant could have impleaded the city as a third-party defendant. Third, appellant did not hesitate during trial to point the finger at the city, and it is apparent by the size of the judgment awarded that the jury did not place all of the blame upon the appellant. Finally, the City of Martin is not an indispensable party.

Rule 19.01 of the Tennessee Rules of Civil Procedure provides in part:

> A person who is subject to the jurisdiction of the court shall be joined as a party if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest, or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reasons of the claimed interest.

In this case, plaintiffs were free to sue the city. Appellant was free to "point the finger"

_____

[3] We note that although no comparative fault instruction was given to the jury, no objection has been made to the charge. The jury was instructed, however, that plaintiff is entitled only to actual damages "caused by the defendant's use of the unfair or deceptive acts or practices."

at the city at trial. Moreover, appellant made no attempt to proceed against the city pursuant to T.R.C.P. 14.01. We hold that the City of Martin is not an indispensable party and the trial court did not err in refusing to grant defendant's motion to dismiss.

In his third issue, Hayes asserts that the trial court erred in refusing to grant his motion for continuance to take the deposition of David Clay. Hayes argues that the failure to grant the continuance deprived him of the opportunity to present evidence that the plaintiffs knew all along that Clay was not a licensed contractor and that Hayes had not authorized Clay to sign for the building permit. Since appellant's motion for continuance was not made until after the jury was impaneled, and the alleged error was not cited in a motion for a new trial, we believe that the issue is precluded pursuant to T.R.A.P. 3(e). In any event, whether to grant a continuance is a matter that lies within the sound discretion of the trial court, and its decision will not be disturbed on appeal absent a showing that the court abused its discretion and that the party seeking a continuance has been prejudiced. *Blake v. Plus Mark, Inc.*, 952 S.W.2d 413 (Tenn. 1997).

Although Hayes has arguably been prejudiced by not having the testimony of David Clay before the jury, we cannot say that the trial court abused its discretion in denying the motion for continuance. The motion filed by Hayes states only that his efforts to locate Clay failed, and that a private investigator retained by a former co-defendant was also unsuccessful. There is no showing of due diligence, and Hayes bears some of the responsibility for his predicament. The trial court's denial of the motion will not be disturbed on appeal.

Appellant next asserts that the trial court erred in failing to direct a verdict in his favor on the alleged violation of the Tennessee Consumer Protection Act, T.C.A. §§ 47-18-101 to 47-18-5002 (1995). At trial, Hayes moved for a directed verdict at the close of plaintiffs' proof, and renewed the motion after resting his defense. However, Hayes did not file either a post-trial motion for judgment n.o.v. or a motion for a new trial. Appellee asserts that appellate review of the directed verdict issue is precluded by Rule 3(e) T.R.A.P. which provides:

> [I]n all case tried by a jury, no issue presented for review shall be predicated upon error in the admission or exclusion of evidence, jury instructions granted or refused, misconduct of jurors, parties or counsel, or other action committed or occurring during the trial of the case, or other ground upon which a new trial is sought, unless the same was specifically stated in a motion for a new trial; otherwise such issues will be treated as waived.

This Court has previously addressed this issue in ***Cortez v. Alutech, Inc.***, 941 S.W.2d 891 (Tenn. App. 1996). In *Cortez*, we noted that when the alleged error is the failure of the trial court to grant a directed verdict, either a motion for a new trial or a post-trial motion seeking entry of judgment in accordance with a motion for directed verdict made at trial (judgment n.o.v.) is sufficient to preserve the issue for appeal. *Id*. at 894-95. Failure to file either of these post-trial motions, however, denies "the trial judge the opportunity to consider or reconsider alleged errors committed during the course of trial" and precludes appellate review of that issue. *Id*. at 895-96. The rationale for this holding is supported by Rule 36(a) T.R.A.P. which provides that "[n]othing in this rule shall be construed as requiring relief be granted to a party . . . who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error."

The judgment of the trial court is affirmed and the case is remanded for such further proceedings as necessary. Costs of the appeal are assessed against the appellant. Appellees request for an award of attorney fees on appeal is denied.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**

_____
**ALAN E. HIGHERS, JUDGE**

_____
**HOLLY KIRBY LILLARD, JUDGE**

8