# IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

**FILED**

**March 29, 2000**

**Cecil Crowson, Jr.
Appellate Court Clerk**

| | | |
|---|---|---|
| **ROBERT ALLEN FAHEY**, | ) | |
| | ) | |
| Plaintiff/Appellee, | ) | Appeal No. |
| | ) | M1999-00500-COA-R3-CV |
| v. | ) | |
| | ) | Wilson County Circuit Court |
| **FABIEN ELDRIDGE** and | ) | No. 10389 |
| **ELDRIDGE AUTO SALES, INC.**, | ) | |
| | ) | |
| Defendants/Appellants. | ) | |

### APPEAL FROM THE WILSON COUNTY CIRCUIT COURT
### AT LEBANON, TENNESSEE

### THE HONORABLE CLARA BYRD, JUDGE

William Edward Farmer, Lebanon, Tennessee, Attorney for Plaintiff/Appellee.

Chantel M. Eldridge and Samuel J. Harris, Cookeville, Tennessee, Attorneys for Defendants/Appellants.

## AFFIRMED

INMAN, Sr. J.

Concur:
CRAWFORD, P.J., W.S.
LILLARD, J.

# I

A jury awarded the plaintiff substantial compensatory and punitive damages for personal injuries sustained by him during a violent altercation with the defendant Fabien Eldridge, whose employer, Eldridge Auto Sales, Inc. was also held liable under the doctrine of *respondeat superior*. Both defendants appeal, and present various issues for review, none of which we may consider because the motions for a new trial do not specify the grounds relied upon.

# II

The prolix motion of the defendant, Fabien Eldridge, styled "Offers of Proof and Motion for New Trial", purports to be a factual history of the case, argumentative in nature, with no grounds for a new trial specified.

The motion of the defendant corporation is reproduced:

> Defendant Eldridge Auto Sales, Inc. hereby submits its motion for a new trial and joins in Defendant Fabien Eldridge's Offers of Proof and Motion for a New Trial and Notice of Filing of Enumerated Documents in support of said motion and the Motion to Intervene and Request to File an Amicus Brief on behalf of Morrison Lowe. Defendant Eldridge Auto Sales hereby incorporates these motions and supporting documents into its motion for a new trial as through said documents were set forth herein in full.

# III

Rule 3(e), T. R. A. P. provides that

> " . . . in all cases tried by a jury no issue presented for review shall be predicated upon error . . . occurring during the trial . . . unless the same was specifically stated in a motion for a new trial."

The trial judge focused the issue by observing that "it [the motion for a new trial] is not

properly presented to the court. Certainly, it does not have the assignments of error that is required for a judge to be able to rule."

We agree with the appellee that the issues presented for review have been waived since they were not specifically stated in the motion for a new trial, *see, Cortez v Alutech, Inc., ACPC.*, 941 S.W.2d 891, (Tenn. Ct. App. 1996), and the plaintiff did not file a post-trial motion for a directed verdict.

The judgment is affirmed at the cost of the appellants.

_____
INMAN, Sr. J.

CONCUR:


_____
CRAWFORD, P.J., W.S.


_____
LILLARD, J.